# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5222**                                                      **September Term, 2021**

**1:20-cv-00338-CRC**

**Filed On:** July 13, 2022

Madelaine Durand, et al.,

        Appellants

Gem Green Earth Minerals, Inc.,

        Appellee

        v.

Debra A. Haaland, Secretary of the Interior, in
her official capacity, et al.,

        Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Wilkins, and Katsas, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the court's order to show cause filed on May 18, 2022, and the response thereto, and the unopposed motion for an order of substitution, it is

**ORDERED** that the order to show cause be discharged and the motion for substitution be granted. The Clerk is directed to amend the docket to reflect the fact that Madelaine Durand is substituted for Edwin Durand. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's September 15, 2021 order be affirmed. Appellants have not shown that the agency's closure of their mining claims based on the 1999 state court judgment was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Appellants contend that a California statute of limitations, Cal. Civ. Proc. Code § 683.020, barred the agency from closing their mining claims in 2015. But the judgment determined the parties' rights to the disputed mining claims with immediate

effect – declaring certain of appellants' mining claims invalid – and appellants have not shown that the judgment was not a proper basis for the agency's decision to close the invalidated mining claims.  Nor have the appellants shown that closing the mining claims enforces a judgment within the meaning of the relevant statute of limitations.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**